IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MOIRA R.,

    Plaintiff,

v.                                                      2:24-CV-227-Z-BT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**ORDER**

Before the Court is the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") issued September 5, 2025. ECF No. 22. The FCR recommends the Court affirm the Commissioner's decision to deny Plaintiff's application for Title II Disability Insurance Benefits under the Social Security Act. Plaintiff filed Objections to the FCR. ECF No. 23. Having reviewed the FCR, Objections, and relevant law, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate's FCR **AFFIRMING** the Commissioner's decision.

**BACKGROUND**

Plaintiff applied for Title II Disability Insurance Benefits in April of 2022. ECF No. 22 at 2. Her claim was denied initially and on reconsideration. *Id.* Plaintiff challenged the Commissioner's denial in a telephonic hearing before an Administrative Law Judge ("ALJ"), who affirmed the Commissioner's decision. *Id.* at 3–4. Plaintiff appealed the ALJ's decision to the Appeals Counsel, which found the appeal "did not provide a basis for modifying the ALJ's decision." *Id.* at 4. Plaintiff then filed the instant action seeking judicial review of the Commissioner's decision under 42 U.S.C. Section 405(g). *Id.*; ECF No. 1 (Complaint).

The Court incorporates by reference the facts set forth in the FCR (ECF No. 22) and in Plaintiff's Objections (ECF No. 23). The facts of this case are well known, and the Court declines to repeat them at length here.

### LEGAL STANDARD

When reviewing the Commissioner's denial of disability benefits, a federal court is limited to whether (1) the Commissioner's position is supported by substantial evidence and whether (2) the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence means more than a scintilla but less than a preponderance, and is relevant and sufficient evidence that a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner—not a court—is responsible for weighing the evidence, resolving any material conflicts in the evidence, and making credibility determinations. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). In short, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; instead, it only scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### ANALYSIS

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and the evaluation comes to an end if the Commissioner determines at any step that the claimant is not disabled. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the residual functional capacity ("RFC") precludes the claimant from performing his past relevant work; and (5) whether the

combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520(e).

Plaintiff objects to the Magistrate's FCR "in its entirety," but articulates two specific objections related to this five-step process. ECF No. 23 at 3. First, Plaintiff argues that the Commissioner erred as a matter of law by improperly evaluating and then rejecting the opinion of Plaintiff's treating Physician, Dr. Bowen, and formulating an RFC that does not accurately reflect all of Plaintiff's limitations. *Id.* Plaintiff asserts that, while the Magistrate believes the ALJ's decision adequately addresses both supportability and consistency, the Magistrate fails to respond to Plaintiff's argument that the ALJ did not explain *how* the evidence supports his conclusions. *Id.* Plaintiff believes that the ALJ's "generic" language stating he considered the entire record is "boilerplate" and "insufficient." *Id.* at 3–4.

The Court disagrees. As the Magistrate noted in the FCR, an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." ECF No. 22 at 7 (quoting 20 C.F.R. § 404.1520c(a)). However, medical opinions must still be considered for their persuasiveness, using both the supportability and consistency factors (among others). *Id.* The ALJ must explain how he "considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* at 8 (quoting 20 C.F.R. § 404.1520c(b)(2)). An explanation is sufficient where the ALJ articulates a "discernible logical bridge between the evidence and the ALJ's persuasiveness finding." *Id.* at 9 (quoting *Nunley v. Kijakazi*, 2023 WL 2386747, at *4 (S.D. Tex. Mar. 6, 2023)).

3

Plaintiff's first objection is merely a restatement of her continued belief that the ALJ failed to adequately explain the supportability and consistency factors in his decision. ECF No. 22 at 12. While Plaintiff may desire the ALJ to further explain how cited evidence supported his conclusions, "citations to specific evidence in the record constitute an adequate articulation of the supportability and consistency factors." *See, e.g., Morgan v. Kijakazi*, 2023 WL 6238052, at *6 (E.D. Tex. Aug. 31, 2023). Further, Plaintiff's repeated argument that the ALJ did not consider the fluctuating nature of Plaintiff's impairment again falls flat—the ALJ explicitly stated that he considered the entire record, and an "ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005).

Plaintiff's second objection states that the Commissioner did not satisfy the burden of "showing substantial work in the national economy that [Plaintiff] can perform." ECF No. 23 at 6. As before, this argument was previously raised and refuted by the Magistrate's FCR. ECF No. 22 at 15 (Plaintiff "contends the jobs the ALJ found she could perform were either obsolete or inconsistent with her RFC, or do not exist in significant numbers in the region where she lives."). The Magistrate's FCR agrees with the ALJ's finding that Plaintiff could work as "a document preparer (65,000 jobs in the national economy), a touch up screener (22,000 jobs in the national economy), and semiconductor bonder (30,000 in the national economy)." *Id.* And despite Plaintiff's contention that such jobs may not be "available in significant numbers" in Plaintiff's area, "it does not matter whether . . . [w]ork exists in the immediate area in which [Plaintiff] lives." 20 C.F.R. § 404.1566. ECF No. 23 at 9–10. The Court agrees with the Magistrate that Plaintiff has "failed to carry her burden of showing she could not perform the jobs identified by the ALJ at step five." *Id.* at 20.

Accordingly, Plaintiff's Objections are **OVERRULED**.

**CONCLUSION**

Having reviewed all relevant matters in this case, including the FCR of the Magistrate Judge and the Objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 23) **ADOPTS** the Magistrate's FCR (ECF No. 22) **AFFIRMING** the Commissioner's decision. All other pending motions are **DENIED as MOOT**.

**SO ORDERED.**

October 3, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE